UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

FILED
JUL 2 3 2003
PEGGY B. L... .. CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C

IN RE: )
STEPHEN DAVIS ) CASE NO. 03-01321
RHONDA V. DAVIS ) CHAPTER 13
      DEBTORS )

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
{No Protest Motion Pursuant to 11 U.S.C. § 362}

    **COMES NOW** CIT Group Consumer Finance (hereinafter "Movant"), a secured creditor in the above-captioned case, by and through counsel, Brock, Scott & Ingersoll, PLLC, and moves this Court to enter an order granting its request for relief from the automatic stay imposed by 11 U.S.C. § 362(a) on the following grounds:

    1.    On April 11, 2003, the Debtors, Stephen Davis and Rhonda V. Davis, filed a petition with the Bankruptcy Court for the Eastern District of North Carolina for relief under Chapter 13 of Title 11 of the United States Code. John F. Logan of Raleigh, North Carolina was appointed Trustee.

    2.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

    3.    The Debtors hold title to the real property (hereinafter "Collateral") described in that Deed of Trust recorded in the Vance County Register of Deeds in Book 956 at Page 417 and recorded on May 30, 2002 (hereinafter "Deed of Trust") with an address of 441 Big Ruin Creek Lane, Henderson, North Carolina, 27537. A copy of the Deed of Trust is attached hereto and is incorporated herein as Exhibit "A".

    4.    Movant holds a Promissory Note secured by the Deed of Trust from the Debtors in the original principal amount of $76,000.00 and dated May 22, 2002 (hereinafter "Note"). A copy of the Note is attached hereto and incorporated herein as Exhibit "B".

    5.    The Debtors have scheduled the value of the Collateral at $57,960.00.

    6.    Upon information and belief, the approximate payoff due and owing to Movant as of July 15, 2003 is $80,645.74.

    7.    As a result of the averments in paragraphs "5" through "6", no equity exists in subject property.

8.  Upon information and belief, the Debtors are surrendering their interest in the Collateral.

9.  The confirmed plan required the Debtors to make the monthly mortgage payments pursuant to the terms of the Note to Movant outside of the plan.

10. The Debtors have defaulted in the mortgage payments to be made outside of the plan. Upon information and belief, the amount of default, exclusive of attorney fees and costs, is as follows:

| 2 | payments @ $678.21 (5/03 – 6/03) | $1,356.42 |
|---|---|---|
| 2 | late charges @ $ 27.13 | $   54.26 |
|   | **Total delinquency** | **$1,410.68** |

11. As a result, Movant lacks adequate protection of its interest in the Collateral. By virtue of such lack of protection, good cause exists to lift the automatic stay imposed hereunder. Otherwise, Movant will suffer irreparable harm with respect to Movant's interest in the Collateral.

12. Pursuant to §362(e) and local Bankruptcy Rule 9013-1(e)(6), Movant has noticed any interested party that it must file and serve any response, including an objection, within fifteen (15) days from service of the Notice of Motion attached hereto and incorporated herein by reference. In the event that an interested party does not request a hearing, the Court may decide the matter on the record before it.

**WHEREFORE,** Movant prays the Court as follows:

1.  Modify the Automatic Stay of Section 362(a) of the Bankruptcy Code to permit Movant to enforce its security interest in the Collateral.

2.  Modify Rule 4001(a)(3) of the Bankruptcy Code so that it is not applicable in this case and so Movant may immediately enforce and implement this order granting relief from the automatic stay.

3.  As an alternative to the relief prayed for above, grant adequate protection to Movant for its interest in the Collateral.

4.  Grant Movant reasonable costs and attorney fees incurred in connection with this proceeding; and,

      5.     Grant Movant such other and further relief as the Court deems just and proper.

This the 21st day of July, 2003.

                                                    Brock, Scott & Ingersoll, PLLC

                                                    Timothy L. Hanson
                                                    Attorney for Movant
                                                    5821 Fairview Road, Suite 106
                                                    Charlotte, NC  28209
                                                    (704) 369-0676
                                                    State Bar Number 24272

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) | |
| STEPHEN DAVIS ) | CASE NO. 03-01321 |
| RHONDA V. DAVIS ) | CHAPTER 13 |
| DEBTORS ) | |
| ) | |

NOTICE OF MOTION

TO THE DEBTOR, DEBTOR'S ATTORNEY, TRUSTEE, AND ALL PARTIES IN INTEREST

THIS NOTICE IS HEREBY GIVEN of a Motion for Relief from Automatic Stay filed simultaneously herewith in the above-captioned case, a copy of which is attached hereto, and;

NOTICE IS FURTHER GIVEN that this motion may be allowed pursuant to U.S.C. §362 provided no response and request for a hearing is made by the parties in interest in writing to the Clerk of Court within FIFTEEN (15) DAYS from the date of this notice, and;

NOTICE IS FURTHER GIVEN that if a response and request for a hearing is filed by a party in interest named herein, in writing within the time indicated, a hearing will be conducted on the motion and response at a date and time to be later set by the Court and all parties will be notified accordingly. If no response for a hearing is timely filed, the Court may rule on the Motion ex-parte without further notice. Any party requesting a hearing shall appear at the hearing in support of such an objection or may be assessed with costs of Court.

This, the 21st day of July, 2003.

Brock, Scott & Ingersoll, PLLC

Timothy L. Hanson
Attorney for Movant
5821 Fairview Road, Suite 106
Charlotte, NC 28209
(704) 369-0676
Bar No. 24272

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE: )
STEPHEN DAVIS ) CASE NO. 03-01321
RHONDA V. DAVIS ) CHAPTER 13
    DEBTORS )
)

CERTIFICATE OF SERVICE

    The undersigned hereby certifies under penalty of perjury that he/she is over eighteen (18) years of age and that the MOTION FOR RELIEF FROM AUTOMATIC STAY and the NOTICE OF MOTION in the above captioned case were this day served upon the below named persons by mailing, postage prepaid, first class mail a copy of such instrument to each person(s), parties, and/or counsel at the addresses shown below:

Stephen Davis
Rhonda V. Davis, Debtors
647 Bullocksville Park Road
Manson, NC 27553


John T. Orcutt, Debtor Attorney
6616 Six Forks Road, Suite 203
Raleigh, NC 27615

John F. Logan, Trustee
Post Office Box 61039
Raleigh, NC 27661-1039

Marjorie K. Lynch
Bankruptcy Administrator
Post Office Box 3039
Raleigh, NC 27602-3039

This 21st day of July, 2003.

                                    Brock, Scott and Ingersoll, PLLC

                                    Timothy L. Hanson
                                    Attorney for Movant
                                    5821 Fairview Road, Suite 106
                                    Charlotte, NC 28209
                                    (704) 369-0676
                                    Bar No. 24272

Exhibit "A"

BK 956  PG 417

WHEN RECORDED MAIL TO:
The CIT Group/
Consumer Finance, Inc.
P.O. Box 630
Marlton, NJ 08053-3941

Prepared By:
MICHAEL LEE FRAZIER
1151-124 Kildaire Farm Rd.
Cary, NC 27511

601

3734

VANCE COUNTY, N.C.
FILED FOR RECORD
2002 MAY 30  AM 11:48
CYNTHIA S. ABBOTT
REGISTER OF DEEDS
5/31/02

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

| TRUSTOR(S) Name(s) and Address(es) | STEPHEN DAVIS<br>MARRIED<br>RHONDA V DAVIS<br>NON-OBLIGOR SPOUSE/OWNER<br>441 BIG RUIN CREEK LANE<br>HENDERSON, NC 27536 ("Borrower") | Beneficiary Name and Address | THE CIT GROUP/CONSUMER FINANCE, INC.<br>5000 FALLS OF NEUSE ROAD<br>SUITE 405-5000 N. PRK. BLD.<br>RALEIGH, NC 27609 ("Lender") |
|---|---|---|---|

TRUSTEE'S NAME AND ADDRESS
CRAIG WILLIAMSON 5000 FALLS OF NEUSE RALEIGH NC 27613

| LOAN NUMBER | DATE | PRINCIPAL BALANCE | FINAL PAYMENT DATE |
|---|---|---|---|
| 12455861 | 05/22/02 | $ 76,000.00 | 05/28/32 |

Borrower owes Lender the principal sum shown in the Principal Balance box above. This debt is evidenced by Borrower's note dated the same date as this Deed of Trust ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on the Final Payment Date shown above. This Deed of Trust secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 2 to protect the security of this Deed of Trust; and (c) the performance of Borrower's covenants and agreements under this Deed of Trust and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in  VANCE  County, North Carolina:

SEE ATTACHED LEGAL DESCRIPTION 'EXHIBIT A'

THERE IS NO ATTACHED "EXHIBIT A". LEGAL DESCRIPTION
IS AS FOLLOWS:

Lot 13 as shown on Plat recorded in Plat Book "T", Page 696,
Vance County Registry.

which has the address of  441 BIG RUIN CREEK LANE  ,  HENDERSON,
                              (Street)                        (City)
North Carolina  27537        ("Property Address");
                (Zip Code)

Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property. Borrower warrants that the lien created by this Deed of Trust is a valid and enforceable lien subordinate only to easements, liens and restrictions of record as of the date of this Deed of Trust, and that during the entire term of the indebtedness

SEE PAGES 2, 3, AND 4 FOR ADDITIONAL IMPORTANT TERMS
05/22/02  11:10  1450026
2-2138(10/96) North Carolina Deed of Trust                     Initial(s)  x SD   x RVD

BK 956  PG 418

12. **Notices.** Any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. Borrower requests that copies of any notices of default and sale be sent to Borrower's address which is the Property Address unless otherwise indicated on the front page of this Deed of Trust. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

13. **Governing Law; Severability.** This Deed of Trust shall be governed by North Carolina and applicable federal law. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Note are declared to be severable.

14. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Deed of Trust.

15. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

16. **Default.** If Borrower defaults in paying any part of the indebtedness secured by this Deed of Trust or if Borrower defaults in any other way, the entire unpaid principal and any accrued and unpaid interest thereon and any other amounts Borrower then owes under the loan secured by this Deed of Trust will become due, if Lender desires.

Lender may execute and record, in the Office of the Recorder of each county in which the Property or some part is located, a written notice of the default and Lender's election to sell the Property secured by this Deed of Trust. Lender may rescind the notice before the Trustee's sale by executing and recording a notice of rescission, which will cancel any prior notice of default and of any acceleration of the maturity of the indebtedness affected by any prior notice of default. Lender's rescission of a notice of default will not waive any existing or subsequent default nor impair Lender's right to execute any notice of default and election to cause the Property to be sold nor otherwise affect any of Lender's rights under this Deed of Trust.

After the time required by law following the recording of the notice of default has elapsed, the Trustee may give notice of sale as then required by law and, without demand on Borrower, sell the real estate at the time and place fixed in the notice of sale either as a whole or in separate parcels in whatever order the Trustee determines, at public auction to the highest bidder for cash. The Trustee may postpone the sale from time to time by making a public announcement at the original or previously postponed time and place of sale, and without further notice, the Trustee may make such sale at the time to which the sale may be so postponed.

The Trustee will deliver to the purchaser a Trustee's deed conveying the real estate sold, but without any covenant of warranty, express or implied. Any person, including Lender or Borrower, may bid at the sale and purchase the real estate. The proceeds of the sale will be applied by the Trustee first, to the payment of all fees and expenses of the Trustee and of this trust; second to all sums expended by Lender under the terms of this Deed of Trust which have not been repaid, with accrued interest at the amount allowed by law; third to all other sums secured by this Deed of Trust; and any remainder to the persons legally entitled to it.

Default under the terms of any instrument secured by a lien to which this Deed of Trust is subordinate shall constitute default hereunder.

17. **Lender in Possession.** Upon acceleration under paragraph 16 or abandonment of the Property, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust.

18. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request the Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing debt secured by this Deed of Trust to the Trustee. Trustee shall reconvey the Property without warranty. The trustee or Lender may charge a fee for services rendered in connection with the preparation, execution or recordation of a reconveyance, or request for a reconveyance, to the extent allowed by law. Such person or persons shall pay any recordation costs.

19. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

20. **Riders to this Deed of Trust.** If one or more riders are executed by Borrower and recorded together with this Deed of Trust, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were a part of this Deed of Trust [Check applicable box(es)]

- [ ] Adjustable Rate Rider
- [ ] Condominium Rider
- [ ] 2-4 Family Rider
- [ ] Graduated Payment Rider
- [ ] Planned Unit Development Rider
- [X] Manufactured Housing Rider
- [ ] Request for Copy of Notice of Default
- [ ] Other(s) (specify)

21. **Trustee's Fees.** The Trustee shall be entitled to a commission of five percent (5%) of the gross proceeds of sale or the minimum sum of $750, whichever is greater, upon a completed foreclosure under this Deed of Trust. In the event foreclosure is commenced but not completed, Borrower shall pay all expenses incurred by Trustee and a partial commission computed on five percent (5%) of the outstanding indebtedness, or the above stated minimum sum, whichever is greater, in accordance with the following schedule: one-fourth(1/4) thereof before the Trustee issues a notice of hearing on the right to foreclosure; one-half(1/2) thereof after issuance of said notice; three-fourths (3/4) thereof after such hearing; and the full commission after the initial sale.

SEE PAGES 1, 2, AND 4 FOR ADDITIONAL IMPORTANT TERMS

STEPHEN DAVIS
05/12/02   11:10   1490636
2-2138C

Initial(s) x SD   x RD

BK956  PG419

secured by this Deed of Trust Borrower will not permit this lien to become subordinate to anything else. Borrower warrants and will defend the title to the Property against all claims and demands except such easements, liens and restrictions of record as of the date of this Deed of Trust.

Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Taxes-Liens-Insurance-Maintenance.** Borrower will pay, when they are due and payable, all taxes, liens or security titles (legal claims), assessments, obligations, water rates and any other charges against the Property, whether superior or inferior to the lien or security title of this Deed of Trust, including paying Lender any costs, including outside attorney's fees incurred by Lender in defending any lawsuit by prior or later lienholders or security title holders on the Property, maintain hazard insurance on the Property in Lender's favor in a form and amount satisfactory to Lender and maintain and keep the Property in good repair at all times during the term of this Deed of Trust pursuant to paragraph 4 below. If Borrower fails to maintain the Property in good repair, Lender may enter the Property and make those repairs necessary to maintain the Property in good repair. Lender may pay any such tax, lien or security title, assessment, obligation, water rates, premium or other charge necessary to maintain the Property in good repair, or any amount required to purchase such insurance in Lender's own name, if Borrower fails to do so. The amount Lender pays will be due and payable to Lender on demand, will bear an interest charge at the interest rate set forth in the Note secured by this Deed of Trust if permitted by law, or, if not, at the highest lawful interest rate, will be an additional lien or security on the Property and may be enforced and collected in the same manner as the other obligations secured by this Deed of Trust. The insurance carrier providing the insurance referred to above will be chosen by Borrower subject to Lender's approval which will not be unreasonably withheld. All insurance policies and renewals must be acceptable to Lender and must include a standard mortgagee clause. Lender will have the right to hold the policies and renewals. If Lender requires, Borrower will promptly give to Lender all receipts of paid premiums and renewal notices. In the event of a loss, Borrower will give prompt notice to the insurance carrier and Lender. Lender may file a proof of loss if not made promptly by Borrower. Insurance proceeds will be applied to the restoration or repair of the Property damaged or, at Lender's option, the insurance proceeds will be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within ten (10) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. The ten (10)-day period will begin when the notice is given.

3. **Application of Payments.** Unless applicable law provides otherwise, payments shall be first applied to any costs and expenses incurred under this Deed of Trust, then to interest then due and then to principal.

4. **Preservation and Maintenance of Property; Leaseholds.** Borrower shall not destroy, damage or substantially change the Property, allow the Property to deteriorate or commit waste. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

5. **Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

6. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

7. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Deed of Trust shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the payments referred to in paragraph 1 or change the amount of such payments.

8. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

9. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Deed of Trust but does not execute the Note: (a) is co-signing this Deed of Trust only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Deed of Trust; (b) is not personally obligated to pay the sums secured by this Deed of Trust; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent.

10. **Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

11. **Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Deed of Trust unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies permitted by paragraph 16.

SEE PAGES 1, 3, AND 4 FOR ADDITIONAL IMPORTANT TERMS

Initial(s) X_SD_  X_RYD_

STEPHEN DAVIS  05/22/02  11:10  1490629

BK956 PG420

By signing under seal below, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by Borrower and recorded with it.

SEE ATTACHED RIDER TO DEED

*Stephen Davis* (Seal)
STEPHEN DAVIS -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

*Rhonda V. Davis* (Seal)
RHONDA V DAVIS -Borrower
NON-OBLIGOR SPOUSE/OWNER

STATE OF NORTH CAROLINA } SS.
COUNTY OF WAKE

On MAY 22, 2002 before me, Libby Gilbert
(Notary Name and Title)

personally appeared Stephen Davis and Rhonda V. Davis

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature *Libby Gilbert*, Notary Public

My Commission expires: 1-23-2006

[Notary Seal: LIBBY GILBERT NOTARY PUBLIC (Notarial Seal) WAKE COUNTY NORTH CAROLINA]

REQUEST FOR RECONVEYANCE

TO TRUSTEE:
The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: _____

SEE PAGES 1, 2, AND 3 FOR ADDITIONAL IMPORTANT TERMS

STATE OF NORTH CAROLINA, VANCE COUNTY
The foregoing certificate of Libby Gilbert, Notary Public of Wake County, NC is certified to be correct. This instrument and this certificate are duly registered at the date and time and in the book and page shown on the first page hereof.
CYNTHIA S. ABBOTT, REGISTER OF DEEDS

By *Cynthia S. Abbott*
Register of Deeds

05/22/02  11:10  1490626
2-2138D

Initial(s) x SD  x RV

BK956    PG421

WHEN RECORDED MAIL TO

The CIT Group/
Consumer Finance, Inc.
P.O. Box 630
Marlton, NJ 08053-3941

Prepared By:
MICHAEL LEE FRAZIER
1151-124 Kildaire Farm Rd.
Cary, NC 27511

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## RIDER TO NORTH CAROLINA DEED OF TRUST

This Rider is hereby made apart of, as if set forth in full therein, that certain Deed of Trust dated 05/22/02 (the "Deed of Trust"), made by STEPHEN DAVIS
(the "Borrower") in favor of CRAIG WILLIAMSON, 5000 FALLS OF NEUSE, RALEIGH NC 27613 (the "Trustee") for the benefit of The CIT Group/Consumer Finance, Inc. (the "Lender").

1. The terms defined in the Deed of Trust shall have the same meanings when used in this Rider, unless otherwise defined in this Rider.

2. The term "Property" as used in the Deed of Trust shall include the manufactured home described as follows:

| USED | 1997 | PALM HARBOR | LXP150 | VRNC11145A, VRNC11145B |
|---|---|---|---|---|
| New or Used | Year | Make | Model | Identification Number |

| located at | | | | | |
|---|---|---|---|---|---|
| 441 BIG RUIN CREEK LANE | | HENDERSON | NC | 27537 | VANCE |
| Street Address | | City | State | Zip Code | County |

(the "Manufactured Home").

3. Each of the persons signing this Deed of Trust grants Lender a security interest in the Manufactured Home and all proceeds thereof, including insurance proceeds, and any refunds of unearned insurance premiums on policies financed as part of this transaction. Each of the persons signing this Deed of Trust also agrees to cooperate with Lender to assure that Lender's lien is properly noted on the certificate of title for the Manufactured Home, if applicable. Notwithstanding anything to the contrary contained in this Rider, it is the intent of the Borrower and the Lender that the Manufactured Home is permanently affixed to the Property and therefore constitutes real property.

4. The Deed of Trust shall constitute a financing statement filed as a fixture filing and shall perfect any security interest in the Manufactured Home granted or assigned to Lender hereunder or pursuant to the Note or any other agreement or assignment whatsoever under the Uniform Commercial Code as adopted in the state in which the Property so secured by the Deed of Trust is located, from the date of its recording. Each of the persons signing this Deed of Trust hereby grants to Lender and Lender has and may enforce a security interest in and to the Manufactured Home in addition to the conveyance of the same to Trustee as part of the Property. Each of the persons signing the Deed of Trust further authorizes Lender to execute, on his or her behalf, and file at any time during the term of this Deed of Trust, a financing statement or statements in those public offices deemed necessary by Lender, and authorizes Lender to file duplicates of any financing statements as determined by Lender.

By signing under the seal below, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and Rider executed by Borrower and recorded with it.

_Stephen Davis_ (Seal)
STEPHEN DAVIS          -Borrower
_____ (Seal)
                         -Borrower

_Rhonda V. Davis_ (Seal)
                         -Borrower
_____ (Seal)
                         -Borrower

STATE OF NORTH CAROLINA
COUNTY OF WAKE           } SS.

On MAY 22, 2002 before me, LIBBY GILBERT
personally appeared STEPHEN DAVIS

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.
Signature _Libby Gilbert_, Notary Public        (Notarial Seal)
My Commission expires: 1-23-2006

2-3423 (8/99) NC MH Rider to Deed of Trust
05/22/02  11:10   1490626

(Notary seal: LIBBY GILBERT, NOTARY PUBLIC, WAKE COUNTY, NORTH CAROLINA)

Exhibit "B"

# PROMISSORY NOTE

| NAMES OF ALL BORROWERS<br>STEPHEN DAVIS<br><br>441 BIG RUIN CREEK LANE<br>HENDERSON, NC 27536 | | | LENDER:<br>THE CIT GROUP/CONSUMER FINANCE, INC.<br>5000 FALLS OF NEUSE ROAD<br>SUITE 405-5000 N. PRK. BLD.<br>RALEIGH, NC 27609 | | | |
|---|---|---|---|---|---|---|
| LOAN NUMBER | DATE | YEARLY INTEREST RATE (Agreed Rate of Charge) | DATE FINANCE CHARGE BEGINS TO ACCRUE | NUMBER OF PAYMENTS | DATE DUE EACH MONTH | DATE FIRST PAYMENT DUE |
|  | 05/22/02 | 10.20 % | 05/28/02 | 360 | 28th | 06/28/02 |
| AMOUNT OF FIRST PAYMENT | AMOUNT OF OTHER PAYMENTS | | DATE FINAL PAYMENT DUE | | PRINCIPAL BALANCE | |
| $ 678.21 | $678.21 | | 05/28/32 | | $ 76,000.00 | |

This loan is secured by a Deed of Trust on the real property located at: _____

441 BIG RUIN CREEK LANE HENDERSON, NC 275375949

The words "I," "me," "my" and "us" refer to all Borrowers signing this Note. The words "You" and "Your" refer to the Lender or the Lender's transferee if this Note is transferred.

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay the Principal Balance stated above (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is THE CIT GROUP/CONSUMER FINANCE, INC.
I understand that You may transfer this Note.

**2. INTEREST**
I will pay interest at the yearly interest rate shown above. Interest will be charged on the unpaid principal beginning on the date shown above in the "Date Finance Charge Begins to Accrue" box and continuing until the principal has been paid in full. For purposes of computing interest, interest will be charged on the assumption that each monthly payment is received on the date it is due.
The interest rate set forth above is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making payments every month. I will make my monthly payments on the same day of each month beginning on the date shown above in the "Date First Payment Due" box. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Unless applicable law provides otherwise, payments shall be first applied to any prepayment charges, then to any costs and expenses incurred hereunder or under the Deed of Trust securing this Note, then to interest then due and then to principal. If, on the "Date Final Payment Due" shown above, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date." I will make my monthly payments at your address shown above or at a different place if required by You.
(B) Amount of Monthly Payments
Each of my monthly payments will be in the amount shown above in the "Amount of Other Payments" box except my first payment will be in the amount shown above in the "Amount of First Payment" box.

**4. BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of principal before they are due. Any payment made before it is due is known as a "prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment." If I make a partial prepayment, there will be no changes in the amounts of my monthly payments unless You agree in writing to those changes. I may make a full or partial prepayment at any time. You earn any prepaid finance charge at the time the loan is made and no part of it will be refunded if I pay in full ahead of schedule.

**5. LOAN PURPOSE STATEMENT**
I confirm that the proceeds of this loan are intended by me for use primarily for personal, family or household purpose.

SEE PAGE 2 FOR ADDITIONAL IMPORTANT TERMS

I hereby acknowledge receipt of a completed and signed copy of this Note.
WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

SEE ATTACHED RIDER TO NOTE

_/s/ Stephen Davis_____ Borrower (Seal)
STEPHEN DAVIS
_____ Borrower (Seal)
_____ Borrower (Seal)
_____ Borrower (Seal)

05/22/02    11:10    1490626
2-2139A (4/01) North Carolina Note

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (I) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (II) any sums already collected from me which exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge

If a payment is more than 15 days late, I will be charged a late charge equal to 4% of the unpaid amount of the payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, You may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount and any other amounts I then owe to You under this loan.

(C) Payment of Your Costs and Expenses

If You require me to pay immediately in full as described above, You will have the right to be paid back by me for all of Your costs and expenses in enforcing this Note to the extent not prohibited by applicable law. I agree to pay, to the extent allowed by law, reasonable fees, costs and expenses (including but not limited to reasonable attorneys' fees, court costs, and expenses incurred in connection with any bankruptcy proceedings) paid or incurred by You in connection with the collection or enforcement of this Note or in connection with enforcement or reconveyance of the Deed of Trust securing this Note, whether or not suit is filed.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address on the other page or at a different address if I give You a notice of my different address.

Any notice that must be given to You under this Note will be given by mailing it by first class mail to You at the address shown on the other page or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. You may enforce your rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require You to demand payment of amounts due. "Notice of dishonor" means the right to require You to give notice to other persons that amounts due have not been paid.

## 11. DEED OF TRUST

In addition to the protections given to You under this Note, a Deed of Trust dated the same date as this Note protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

## 12. GOVERNING LAW

This Note shall be governed by the laws of the State of North Carolina and any applicable federal law. In the event of a conflict between any provision of this Note and any federal or North Carolina state statute, law, or regulation in effect as of the date of this Note, the statute, law, or regulation shall control to the extent of such conflict and the provision contained in this Note shall be without effect. All other provisions of this Note will remain fully effective and enforceable.

SEE PAGE 1 FOR ADDITIONAL IMPORTANT TERMS

STEPHEN DAVIS
03/23/02   11:10
2-2139B   1490826

# RIDER TO PROMISSORY NOTE

This Rider is made a part of, as if set forth in full therein, that certain Promissory Note dated May 22, 2002 (the "Note"), of **STEPHEN DAVIS** (the "Borrowers"), in favor of The CIT Group/ Consumer Finance, Inc. (the "Lender"). The words "I," "me," "my," and "us" refer to all Borrowers signing the Note. The words "you" and "your" refer to Lender or Lender's transferee.

1. The terms defined in the Note shall have the same meanings when used in this Rider, unless otherwise defined in this Rider.

2. The term "Manufactured Home" when used in this Rider refers to the manufactured home described as follows:

| USED | 1997 | PALM HARBOR | LXP150 | VRNC11145A, VRNC11145B |
|---|---|---|---|---|
| New or Used | Year | Make | Model | Identification Number |

located at

| 441 BIG RUIN CREEK LANE | HENDERSON | NC | 27537 | VANCE |
|---|---|---|---|---|
| Street Address | City | State | Zip Code | County |

(the "Manufactured Home").

3. In addition to the protections given to you under the Note and under the Mortgage, Deed of Trust or Deed to Secure Debt, I grant you a security interest in the Manufactured Home and all proceeds thereof, including insurance proceeds, and any refunds of unearned insurance premiums on policies financed as part of this transaction.

4. I represent and warrant to you as follows: I shall comply with all state and local laws and regulations regarding the affixation of the Manufactured Home to the real property legally described in the Mortgage, Deed of Trust or Deed to Secure Debt (the "Real Property"). The Manufactured Home shall be, at all times, and for all purposes, permanently affixed to and part of the Real Property. Affixing the Manufactured Home to the Real Property does not violate any zoning laws or other local requirements applicable to manufactured homes. If required by applicable law to perfect your security interest in the Manufactured Home or deemed desirable by you, I agree to cooperate with you to assure that your lien is properly noted on the certificate of title for the Manufactured Home; provided, however, if the Manufactured Home can be classified as real property under local or state law and you desire that it be so classified, I agree to cooperate with you to do whatever is necessary under local or state law to classify the Manufactured Home as real property, including, but not limited to, surrendering the Manufactured Home certificate of title and obtaining the requisite governmental approval and accompanying documentation necessary to classify the Manufactured Home as real property under state and local law. The Manufactured Home has been delivered and installed to my satisfaction and is free from all defects.

I hereby acknowledge receipt of a completed and signed copy of this Rider to Note.
WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Stephen Davis_ _____ Borrower
**STEPHEN DAVIS** (Seal)

_____ Borrower (Seal)

_____ Borrower (Seal)

_____ Borrower (Seal)

05/22/02   11:10   1490626
2-3370 (4/99) MH Rider to Promissory Note - NORTH CAROLINA