

**SO ORDERED.**

**SIGNED this 24 day of April, 2008.**

_____
A. Thomas Small
United States Bankruptcy Judge

---

| | |
|---|---|
| 768.0001198 | UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NORTH CAROLINA<br>RALEIGH DIVISION |

| | |
|---|---|
| IN RE<br>Stephen Davis and<br>Rhonda Virginia Davis,<br>       Debtors. | ) Case No. 03-01321-5-ATS<br>)<br>) Chapter 13<br>)<br>)<br>) |

---

### CONSENT ORDER

THIS CAUSE, coming on for consideration before the undersigned United States Bankruptcy Judge for the Eastern District of North Carolina, upon the Motion for Adequate Protection and to Modify Stay and Notice of Motion filed herein by Citimortgage, Inc. (hereinafter "Movant"), as required by the Bankruptcy Rules.

Based on the signatures of counsel and the record herein, the Court makes the following **FINDINGS OF FACT:**

1. On September 10, 2002, Debtors executed and delivered to Allied Mortgage Capital Corporation a certain Note in the original sum of $94,090.00 and Debtors executed and delivered to Allied Mortgage Capital Corporation a certain Deed of Trust, thereby granting Allied Mortgage Capital Corporation a lien or encumbrance in the real property as described therein and known as 647 Bullocksville Park Road, Manson, NC 27533 (hereinafter "real property"). On September 12, 2002, the foregoing Deed of Trust was properly filed with the Register of Deeds in Vance County, North Carolina. Movant is the current owner and holder of the Note and Deed of Trust.

2. On or about April 11, 2003, the Debtors filed a petition under Chapter 13 of the United States Bankruptcy Code. The Debtors have defaulted under the payment of provisions of the foregoing Note, Deed of Trust and Chapter 13 bankruptcy plan. After applying all funds received through April 1, 2008, the Debtors are due for the March 2008 post-petition monthly payments and late charges, if any, to Movant in the total sum of $755.88 plus attorneys' fees and expenses in the sum of $500.00.

Based on the foregoing **FINDINGS OF FACT**, the Court makes the following **CONCLUSIONS**

**OF LAW**:

1.	That this Court has jurisdiction over the parties and subject matter in this case. Movant has a duly perfected lien or encumbrance on the real property described in the foregoing Deed of Trust. Entry of this Order is appropriate due to the Debtors' default in making the required post-petition payments and entitles Movant to relief from the automatic stay, without further action, notice, or hearing by this Court, should the Debtors breach the terms and conditions set forth herein.

NOW, THEREFORE, IT HEREWITH IS ORDERED, ADJUDGED AND DECREED as follows:

1.	That the Debtors are ordered to pay directly to Movant $755.88 by April 15, 2008 and from April 2008 through September 2008, the Debtors are ordered to pay directly to Movant the regular monthly payment. All payments due herein must be paid to Movant in a "timely manner", which is defined as a payment which must be received and paid within thirty (30) days of the due date, along with a late charge if accrued;

2.	That the attorneys' fees incurred by Movant in this matter in the sum of $500.00 are allowed as an additional secured claim, and that the Trustee is permitted to modify the Plan accordingly;

3.	That, in the event the Debtors fail to make any of the above referenced required payments in a "timely manner", the automatic stay provisions of 11 U.S.C. § 362 are modified or terminated so that Movant and any Trustee or Substitute Trustee may foreclose on and sell the real property as shown herein and otherwise enforce its rights in the real property as permitted by North Carolina law and the Deed of Trust.

TO THE FOREGOING, WE CONSENT AND AGREE:

_____
Matthew T. McKee, Attorney for Citimortgage, Inc.

/s/ John F. Logan
No Objections, John F. Logan, Trustee

/s/ John T. Orcutt
John T. Orcutt, Attorney for Debtors

"END OF DOCUMENT"